TODD A. ROBERTS (SBN 129722)
ROPERS MAJESKI PC
1001 Marshall Street, 5th Floor
Redwood City, CA 94063
Telephone:    650.364.8200
Facsimile:     650.780.1701
Email:          todd.roberts@ropers.com

Attorneys for Defendant and Counter-Claimant
AMERICAN MARRIAGE MINISTRIES and
Defendants MAURICE KING, LEWIS KING, GLEN
YOSHIOKA, DYLAN WALL, AND SARA WHITE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAURICE KING, LEWIS KING, GLEN YOSHIOKA, DYLAN WALL, SARA WHITE, and AMERICAN MARRIAGE MINISTRIES, a Washington non-profit corporation,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | N.D. Cal. Case No.<br><br>U.S.D.C. Western District of Washington Case No. 2:19-CV-00301-RSL<br><br>**NOTICE OF MOTION AND DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS FROM GOOGLE**<br><br>*[Filed Concurrently With Declaration of Sheeba Roberts; [Proposed] Order]*<br><br>**Date:**<br>**Time:**<br>**Courtroom**<br>**Judge:** |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that, on _____, 2021, at _____ or as soon thereafter as the matter may be heard, in Courtroom _____ , of the above-entitled Court, located at 450 Golden Gate Avenue, California, Defendant and Counter-Claimant American Marriage Ministries (hereinafter "AMM") will and hereby does move this Court pursuant to Federal Rules of Civil Procedure 37, 45, and 26, and Civil Local Rule 37, for an Order compelling non-party

1  Google to submit to deposition in connection with U.S.D.C. Western District of Washington Case
2  No. 2:19-CV-00301-RSL and to produce responsive documents to AMM's Subpoena *Duces*
3  *Tecum*.[1]
4      This Motion is based upon this Notice of Motion and Motion, the Declaration of Sheeba
5  Roberts and exhibits thereto, the supporting Memorandum of Points and Authorities, all pleadings
6  and papers on file in this action, and any additional evidence and oral argument that the Court
7  may properly receive at or before the hearing on this Motion

8  Dated: March 1, 2021                 ROPERS MAJESKI PC

                                              BY: /s/ *Todd A. Roberts*
                                                 TODD A. ROBERTS
                                                 Attorneys for Defendant and Counter-
                                                 Claimant AMERICAN MARRIAGE
                                                 MINISTRIES and Defendants MAURICE
                                                 KING, LEWIS KING, GLEN
                                                 YOSHIOKA, DYLAN WALL, AND
                                                 SARA WHITE

## MEMORANDUM OF POINTS AND AUTHORITIES

### CERTIFICATE OF COMPLIANCE

    In accordance with Fed. R. Civ. P. 37(a)(1) and Civil Local Rule 37-1(a), counsel for AMM engaged in conferral with counsel for Google regarding AMM's subpoenas in connection with U.S.D.C. Western District of Washington Case No. 2:19-CV-00301-RSL . AMM served its subpoena *duces tecum* and subpoena for deposition testimony on Google on April 3, 2020. *Decl. of Sheeba Roberts in Support of Motion to Transfer (hereinafter "Decl. of Sheeba Roberts")*, Ex. 1-2. On April 23, 2020, Google sent AMM a letter raising general objections to AMM's subpoenas. *Decl. of Sheeba Roberts*, Ex. 3. AMM conferred with Google regarding its subpoenas on August 24, 2020 and December 22, 2020 in an effort to resolve Google's objections. *Decl. of Sheeba Roberts*, Ex. 4, 9. Google has repeatedly refused to produce ULC's

---

[1] AMM has concurrently filed a Motion to Transfer its Motion to Compel to the Western District of Washington.

Google Analytics records and to submit to a deposition. *Id*. AMM filed its Motion to Compel with the Western District of Washington on January 7, 2021. Dkt. 172. Counsel for Google sent AMM a letter dated January 12, 2021 stating that AMM would need to refile its Motion to Compel in the Northern District of California. *Decl. of Sheeba Roberts*, Ex. 10. Google retained outside counsel and AMM engaged in additional conferrals on January 27, 2021 and February 12, 2021 with Google's new counsel via telephone, but were unable to resolve the discovery dispute. *Decl. of Sheeba Roberts*, Ex. 12. AMM respectfully seeks the assistance of the Court to compel Google produce ULC's Google Analytics records and to submit to a deposition.

## STATEMENT OF FACTS

**1.  Factual Background**

Plaintiff Universal Life Church Monastery Storehouse (hereinafter "ULC") and Defendant AMM are both Washington corporations providing online marriage ordination services. Dkt. 27. Both entities generate sales revenue through their respective websites. *Id.* On July 3, 2019, ULC filed its Amended Complaint in the Western District of Washington, asserting claims against AMM alleging that AMM made false, defamatory or misleading statements about ULC in violation of the Lanham Act and the Washington Consumer Protection Act ("CPA"), as well as a claim for defamation *per se*. *Id.* On July 17, 2019, AMM filed counterclaims arising from ULC's misleading and unauthorized use of AMM's trademark. Dkt. 28. Both parties seek injunctive relief and monetary damages. Dkt. 27, 28.

**2.  Relevant Procedural History**

On or about April 3, 2020, AMM served its Subpoena Duces Tecum and its Subpoena for Deposition on Google. *Decl. of Sheeba Roberts*, Ex. 1-2. On April 9, 2020, Google sent counsel for AMM a notice that due to the pandemic it was responding to subpoenas on a delayed basis. *Decl. of Sheeba Roberts*, Ex. 7. On April 21, 2020, Google sent counsel for AMM objections to both Subpoenas. *Decl. of Sheeba Roberts*, Ex. 3. On April 23, 2020, ULC filed a Motion for Protective Order to Quash the Subpoenas. Dkt. 66. Google did not file its own Motion to Quash AMM's subpoenas and the time for doing so has long passed. The Court issued an Order on

July 13, 2020, denying ULC's Motion to Quash the Subpoena to Google, among others subpoenas to non-parties. Dkt. 128.

On July 14, 2020, and on August 13, 2020, AMM followed up with Google regarding AMM's Subpoenas for Documents and Deposition Testimony and provided a copy of the Court's July 13, 2020, Order denying ULC's Motion to Quash the Subpoenas to Google. *Decl. of Sheeba Roberts*, Ex. 6. On August 24, 2020, counsel for AMM and counsel for Google conferred regarding the request for documents and deposition testimony. *Decl. of Sheeba Roberts*, Ex. 4. Google took the position that producing any documents for ULC's Google Analytics account(s) would violate the Stored Communications Act, 18 U.S.C. §§ 2701-2712. *Id*.

Following the conferral, on August 25, 2020, Google sent counsel for AMM a letter offering to provide a certificate of authentication of the documents it produced in lieu of a deposition. *Decl. of Sheeba Roberts*, Ex. 5. Google stated that it required identifiers in order to locate ULC's Google Adwords account(s). *Id*. On August 27, 2020, AMM provided Google with email addresses. *Decl. of Sheeba Roberts*, Ex. 6. Counsel for Google responded that it would comply with its notification policy and wait 21 days after providing notice to the Google AdWords account holder before producing documents. *Id*. On September 25, 2020, counsel for AMM followed up with counsel for Google on its production of responsive documents. *Decl. of Sheeba Roberts*, Ex. 7. On November 10, 2020, counsel for AMM reached out to Google to follow up on scheduling a deposition. *Decl. of Sheeba Roberts*, Ex. 9. Google finally provided documents regarding ULC's Google Adwords account on December 3, 2020. *Decl. of Sheeba Roberts*, Ex. 8. However, Google did not provide any documents on ULC's Google Analytics account(s). *Id.*

On September 10, 2020, AMM filed a Motion for Clarification seeking an extension of the fact discovery deadline in order to obtain outstanding documents from third-parties, including Google, and to take third-party depositions. Dkt. 163. On December 14, 2020, the Court granted in part AMM's Motion and extended the fact discovery deadline to January 28,

2021, to allow for Google to complete its production of documents and to permit AMM to take its deposition. Dkt. 171.

On December 14, 2020, Counsel for AMM followed up with counsel for Google to schedule a deposition. *Decl. of Sheeba Roberts*, Ex. 8. On December 22, 2020, counsel for AMM met and conferred with counsel for Google. *Decl. of Sheeba Roberts*, Ex. 9. Google took the position that a deposition would be unduly burdensome and again offered to provide a certificate of authentication of the Google AdWords documents or a declaration in lieu of a deposition. *Id*. Following the conferral, Google's counsel emailed counsel for AMM and provided a link to common technical terminology used for its Google Adwords account(s). *Decl. of Sheeba Roberts*, Ex. 9. On December 30, 2020, counsel for AMM reiterated its position that a deposition was necessary and a certificate of authentication or declaration in lieu of a deposition would not be sufficient. *Id*.

On January 7, 2021, AMM filed a Motion to Compel Production of Documents and Deposition Testimony from Google. Dkt. 172. On January 12, 2021, outside counsel for Google sent AMM a letter raising objections to AMM's subpoenas and demanding that AMM withdraw it Motion to Compel and refile it with this Court. *Decl. of Sheeba Roberts*, Ex. 10. AMM agreed that its Motion to Compel must be filed in the compliance Court, the Northern District of California initially and the proper procedure was to move to transfer it to the Western District of Washington under Federal Rule of Civil Procedure 45(f). *Decl. of Sheeba Roberts*, Ex. 11. The Western District of Washington granted AMM's Motion for Extension of Time to allow AMM to engage in motion practice in California. Dkt. 191.

AMM conferred with Google's counsel regarding AMM's Motion to Compel on January 27, 2020 and February 12, 2021. *Decl. of Sheeba Roberts*, Ex. 12. Google stated that the Stored Communications Act 28 U.S.C. §§ 2701-2712, prohibits it from disclosing any of ULC's Google Analytics records. *Id*. AMM inquired whether it would be possible to address Google's concerns by redacting the requested documents. Google stated that it was not possible to redact the documents. *Id*. AMM also inquired as to whether a remote deposition would alleviate the burden on Google to submit to a deposition. Google again refused to submit to a remote

deposition, vaguely stating without analysis that as non-party it should not be subjected to a deposition. *Id.*

## ARGUMENT

**1.     Legal Standard**

A party may obtain discovery from a non-party by serving a subpoena pursuant to Federal Rule of Civil Procedure 45**.** Fed. R. Civ. P. 45.  The scope of discovery permitted by subpoena under Rule 45 is the same as that permitted under Rule 26.  *See* Fed. R. Civ. P. 45, Advisory Committee Notes to the 1970 Amendment (stating that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); *see also In re Perez by Allen*, No. 20-mc-80191, 2020 WL 7056024, at * 2 (N.D. Cal. Dec. 2, 2020).

Fed. R. Civ. P. 26(b) provides that parties may obtain discovery regarding,

> …any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the party's resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs the likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable." *Id.*  "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828 833 (9th Cir. 2011). "A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or response." Fed. R. Civ. P. 37(a)(4).

**2.     Google's Objections to Deposition Testimony**

Fed. R. Civ. P. 30 governs depositions by oral examination.  Rule 30(a)(1) provides that, "[a] party may by oral questions depose any person…without leave of court…" Fed. R. Civ. P. 45 provides that a subpoena may be issued commanding "each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody or

control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45, advisory committee notes (1970).

On April 3, 2020, AMM served a Subpoena seeking to depose Google's custodian of records or other representative who pulled the documents responsive to the subpoena. *Decl. of Sheeba Roberts*, 2. On December 3, 2020, Google finally produced data from ULC's AdWords account including three Excel reports which contained extracted information from Google's AdWords product. *Decl. of Sheeba Roberts*, Ex. 8. The data extracted includes information regarding online transactions across several ULC webpages, information regarding specific ad campaigns ULC set up, and the use of key words in metadata across multiple ULC webpages, among other information. Google has provided a certificate of authentication and has offered to provide a declaration in lieu of deposition. *Id*. Google has also stated that it would be unduly burdensome and expensive for a representative from Google to testify at a deposition. However, AMM seeks a deposition of a representative of Google for more than just authentication purposes; it also seeks to have a Google representative explain the process utilized for extracting the data from ULC's Google AdWords account, explain the data Google extracted, and describe the operation of the Google AdWords product as context for understanding the Google AdWords documents. Such testimony may prove essential, as ULC has indicated through objections at party depositions that it may not accept party testimony about such matters.

AMM's Subpoena for deposition seeks testimony relevant to the claims, counterclaims, and defenses in this case. ULC's claims against AMM allege that AMM made false, defamatory, or misleading statements about ULC that caused monetary damages to ULC. AMM has raised counterclaims asserting that ULC has engaged in misleading, deceptive, and unauthorized use of AMM's trademark, thereby causing monetary damages to AMM. A deposition of Google's representative regarding the Google AdWords documents Google produced on September 10, 2020, and any documents Google may produce on ULC's Google Analytics account will likely bear on liability and damages on the claims and counterclaims in this case. Testimony regarding ULC's Google AdWords and Google Analytics accounts will help illuminate data regarding web

traffic, online transactions, search engine optimization, and online advertising that are critical to this case. Google is in the best position to offer testimony regarding its own products and the data and documents it produced or will produce responsive to AMM's Subpoena. During conferral with counsel, Google has not articulated why a deposition of its custodian of records or other representative involved in producing responsive documents would be unduly burdensome other than the time and expense of having to take a deposition generally. Due to the pandemic, AMM is seeking to take the deposition of Google's custodian of records remotely via video conference. Under these circumstances, there is no travel burden placed on Google to appear at the deposition. Depositions of non-parties are routine in the course of litigation, and the time and expense of these depositions are often borne by non-parties in the interests of justice. *See* Fed. R. Civ. P. 45 (allowing for the command of non-party depositions); *see e.g., Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1224 (9th Cir. 2018) (noting that a subpoena under Rule 45 obligates a party to appear at the scheduled deposition at pain of being held in contempt). Google is not subject to any special exception.

**3.     Google's Objections to Producing Documents**

AMM's Subpoena *Duces Tecum* requests the following documents:

1. Referral traffic reports and/or analytic reports and data for each domain name registered to ULC that uses the phrase "American Marriage Ministry" or "American Marriage Ministries."

2. Copies of all search engine optimization recommendations, analysis, strategy and/or report related to the phrase "American Marriage Ministry" or "American Marriage Ministries."

3. Traffic reports for all internet traffic to any website registered, operated, maintained and/or run by ULC from any of AMM's local address listings within Google's systems and maps that are associated with ULC's domains.

4. Copies of any ecommerce and/or referral traffic analytic data for any URL that uses the phrase "American Marriage Ministry" or "American Marriage Ministries."

5. Communication with Portent, Inc. relating to the use of the phrase "American Marriage Ministry" or "American Marriage Ministries."

6. Copies of documents reflecting discussions with Portent, Inc., and

7. Documents reflecting the cost of Google services.

Google produced documents in its possession regarding ULC's Google AdWords account on December 3, 2020. *Decl. of Sheeba Roberts*, Ex. 8. However, Google objected to producing documents related to ULC's Google Analytics account on the basis that it is prohibited from doing so by the Stored Communications Act, 18 U.S.C. §§ 2701-2712 (hereinafter "SCA").

The SCA generally prohibits providers from "knowingly divulge[ing] to any person or entity the contents of a communication." 18 U.S.C. §2702(a)(1)-(2). The SCA was enacted in 1986 because "the advent of the Internet presented a host of potential privacy breaches that the Fourth Amendment does not address." *Low v. LinkedIn Corp.*, 900 F.Supp.2d 1010, 1022 (N.D. Cal. July 12, 2012) (citing *Quon v. Arch Wireless Operating Company, Inc.*, 529 F.3d 892, 900 (9th Cir. 2008), *rev'd on other grounds by City of Ontario v. Quon*, 560 U.S. 746, 130 S.Ct. 2619 (2010)). "Despite this purpose, the SCA has a narrow scope: "[t]he SCA is not a catch-all statute designed to protect the privacy of stored Internet communications," instead "there are many problems of Internet privacy that the SCA does not address." *Low*, 900 F.Supp.2d at 1022 (citing Orin S. Kerr, *A User's Guide to the Stored Communications Act, and a Legislator's Guide to Amending It*, 72 Geo.Wash.L.Rev. 1208, 1214 (2004).

During conferral with counsel, AMM inquired why Google was taking the inconsistent position that ULC's Google AdWords records, which contains more detailed third-party user information, could be produced without violating the SCA, however, Google could not produce ULC's Google Analytics records under the SCA. *Decl. of Sheeba Roberts*, Ex. 12. Google did not provide a clear or reasoned response to AMM's inquiry. *Id.* Google stated that the "user" under the SCA was ULC and that the concern was ULC's authorization to access, obtain and disclose ULC's records, not concerns about any stored communications regarding third-parties. AMM cited to the Western District of Washington's discovery orders compelling ULC to disclose its web analytics data. Dkt. 113. AMM also cited to the Western District of Washington's order

- 9 -

NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY

1  denying ULC's Motion to Quash AMM's Subpoenas to Google, which specifically rejected
2  ULC's arguments that it should not be required to disclose its private and confidential information
3  maintained by Google. Dkt. 128.

4  The SCA does not prohibit Google from producing the requested documents in this case
5  pursuant to a lawfully issued subpoena, as AMM does not seek personally identifiable information
6  of any specific consumers but rather general information such as the number of impressions,
7  clicks, etc. for specific domains/URLs. To the extent that producing any of these records would
8  require producing information regarding specific consumers, that information could be redacted
9  while producing the other responsive data and documents. Additionally, the protective order
10 entered in this case on June 19, 2020, Dkt. 26 provides additional protection for any sensitive
11 consumer information and covers proprietary and confidential information of ULC.

12 AMM's requested documents are relevant to the claims, counterclaims, and defenses in this
13 case and will likely lead to admissible evidence regarding liability and damages. Analytics data
14 regarding web traffic to certain domains at certain points in time will, for instance, directly bear
15 on issues such as whether web traffic increased as ULC added unauthorized uses of AMM's
16 trademark to its webpages and how many people actually viewed ULC's unauthorized uses of
17 AMM's trademark. These requests are appropriately tailored and proportional to the needs of this
18 case. AMM, therefore, requests that the Court order Google to produce documents related to
19 ULC's Google Analytics account(s), which are critical to the case.

## CONCLUSION

21 For the foregoing reasons, AMM requests that the Court grant its Motion to Compel
22 Production of ULC's Google Analytics documents and deposition testimony from Google.

23 Dated: March 1, 2021                ROPERS MAJESKI PC

BY: /s/ *Todd A. Roberts*
TODD A. ROBERTS
Attorneys for Defendant and Counter-Claimant AMERICAN MARRIAGE MINISTRIES and Defendants MAURICE KING, LEWIS KING, GLEN YOSHIOKA, DYLAN WALL, AND SARA WHITE