UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN MARRIAGE MINISTRIES,<br><br>Movant,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Respondent. | Case No.  21-mc-80040-SK<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Regarding Docket No. 1 |

On March 1, 2021, Movant American Marriage Ministries ("Movant") filed a miscellaneous motion to compel Respondent Google, LLC ("Respondent") to comply with a subpoena duces tecum and a subpoena for deposition testimony in the underlying action currently before the Western District of Washington, *Universal Life Church Monastery Storehouse v. King, et al.*, Case No. 2:19-cv-00301-RSL ("Washington Action").  The Washington Action involves trademark infringement and defamation allegations brought against Movant by its competitor in the online marriage ordination market, Universal Life Church Monastery Storehouse ("ULC"). (Dkt. 1.)  Movant seeks to compel Respondent to provide deposition testimony explaining certain documents already produced by Respondent in the Washington Action, including ULC's Google Ads and Analytics records ("Deposition Subpoena").  (Dkt. 1-5 (Ex. 2).)  Movant further seeks to compel Respondent to produce the unredacted content of ULC's Google Ads and Analytics accounts ("Document Subpoena").  (Dkt. 1-5 (Ex. 1).)  Finally, Movant seeks to transfer this motion to the Western District of Washington.  (Dkt. 1.)

Respondent opposes the motion to compel.  (Dkt. 7.)  Regarding the Deposition Subpoena, Respondent argues that it is unduly burdensome to require production of a witness for deposition simply to explain documents already produced to Movant, and for which explanations are readily available online through Respondent's website.  (*Id.*)  Regarding the Document Subpoena,

Respondent argues that production of ULC's unredacted records would violate the Stored Communications Act, 18 U.S.C. § 2702, et seq., and that the records at issue have already been provided to ULC itself. (*Id.*) Finally, Respondent argues that this motion is most appropriately decided in this district because compliance is required here. (*Id.*)

The Court finds that this matter is suitable for disposition without oral argument. Having reviewed the submissions of the parties, the record in the case, and the relevant legal authorities, the Court HEREBY DENIES the motion to compel or transfer, for the reasons set forth below.

**A.     Legal Standards.**

Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to a nonparty to testify, produce documents or things, or allow the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 incorporates the scope of discovery dictated by Rule 26. *Cabell*, 2018 WL 3023343, at *2 (citing *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2015)). Accordingly, a party may subpoena "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). On a motion to compel discovery, the moving party must first demonstrate that the information requested is within the scope of permissible discovery. *In re: Subpoena to Apple Inc.*, 2014 WL 2798863, at *2 (N.D. Cal. Jun 19, 2014). The burden then shifts to the party opposing discovery to show "that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information. *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978)). The appropriate forum for a motion to enforce a third party subpoena is in the district where compliance is required. *See Music Group Macao Comm. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015).

**B.     Discussion.**

    **1.     Deposition Subpoena.**

Movant seeks to compel Respondent to produce a witness for deposition in order to explain ULC's Google Ads and Analytics data, which Respondent has already produced to Movant. (Dkt. 1-5 (Ex. 2).) Respondent counters that the deposition testimony sought is

duplicative and unnecessarily burdensome and would provide material available from other sources. (Dkt. 7.) The Court agrees with Respondent. Requiring a service provider who has produced records for use in litigation to prepare a witness for deposition interpreting those records would impose an undue burden in order to produce information available from other sources. This is particularly true where, as here, the service provider offers an online resource that is publicly available which explains the type of data provided. Courts routinely refuse to enforce deposition subpoenas to nonparty service providers where the testimony sought would be duplicative of records that have already been produced, or when a party or public source can just as readily provide the same information. *See, e.g.*, *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218-19 (N.D. Cal. 2015); *Shopify (USA), Inc. v. Express Mobile, Inc.*, No. 19-MC-80251-TSH, 2019 WL 5893235, at *3 (N.D. Cal. Nov. 12, 2019) (quashing deposition subpoena where testimony could be obtained from a better source); *Audio MPEG, Inc. v. HP Inc.*, No. 16-MC-80271-HRL, 2017 WL 950847, at *6 (N.D. Cal. Mar. 10, 2017) (quashing deposition subpoena where information sought could be obtained from parties to the litigation).

Here, Respondent has already produced documents related to ULC's Ads and Analytics account. (Dkt. 1-5 (Ex. 7).) Movant now seeks deposition testimony explaining the process for extracting the data from ULC's Ads and Analytics account and describing how Google Ads and Analytics works as context for understanding the Google Ads and Analytics documents related to ULC. (Dkt. 1; Dkt. 1-5 (Ex. 2).) Respondent posts a publicly available Google Ads Help Center on its website explaining how Google Ads and Analytics functions. (Dkt. 7.) Movant can also obtain expert testimony explaining how analytics like those Respondent provides are gleaned and what they mean. *See Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (affirming district court order quashing subpoena for improper expert testimony from nonparty). Movant does not explain why either of these options are insufficient to give context to the documents Respondent has produced. Further, Respondent has certified that the records provided are authentic and as such they are already admissible as evidence under Federal Rule of Evidence 902(11); deposition testimony for authentication purposes is therefore unnecessary and burdensome. *See Intermarine*, 123 F. Supp. 3d at 1218. Requiring Respondent to prepare a

corporate representative for deposition on the topics identified by Movant would be unduly burdensome, and the benefit of such burden would only be to produce information that is already publicly available and can be obtained from other sources. Requiring such testimony would place an enormous burden on service providers like Respondent to provide deposition testimony in all cases where the records they keep are at issue. *Intermarine*, 123 F. Supp. 3d at 1219. The Court therefore denies Movant's motion to compel compliance with the Deposition Subpoena.

### 2. Document Subpoena.

Movant seeks to compel Respondent to produce the unredacted substance of ULC's Ads and Analytics Records. (Dkt. 1-5 (Ex. 1).) Respondent argues that disclosure of these records is prohibited by the Stored Communications Act, 18 U.S.C. § 2702, et seq. ("SCA"). (Dkt. 7.) Respondent further argues that the records at issue can be directly obtained from ULC, the account holder and the party opposing Movant in the Washington Action. (*Id.*) Under section 2702(a) of the SCA, "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." Section 2702(b) allows providers to disclose records under the following circumstances:

> (1) to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient;
>
> (2) as otherwise authorized in section 2517, 2511(2)(a), or 2703 of this title;
>
> (3) with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service;
>
> (4) to a person employed or authorized or whose facilities are used to forward such communication to its destination;
>
> (5) as may be necessarily incident to the rendition of the service or to the protection of the rights or property of the provider of that service;
>
> (6) to the National Center for Missing and Exploited Children, in connection with a report submitted thereto under section 2258A;
>
> (7) to a law enforcement agency--
>
> (A) if the contents--

>    (i) were inadvertently obtained by the service provider; and
>
>    (ii) appear to pertain to the commission of a crime; or
>
>    [(B) Repealed. Pub.L. 108-21, Title V, § 508(b)(1)(A), Apr. 30, 2003, 117 Stat. 684]
>
>    (8) to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of communications relating to the emergency; or
>
>    (9) to a foreign government pursuant to an order from a foreign government that is subject to an executive agreement that the Attorney General has determined and certified to Congress satisfies section 2523.

Movant seeks disclosure of ULC's stored communications, but does not address whether or why disclosure would be permitted by the SCA. As Respondent points out, none of the enumerated exceptions apply to the information at issue, and the SCA therefore clearly bars disclosure of the records Movant seeks. (Dkt. 7.) Further, the records at issue can be obtained directly from ULC itself. *See Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 731 (9th Cir. 2011) (inability to obtain documents covered by the SCA from service provider does not affect ability to obtain documents directly from account holder). Here, the documents Movant seeks are directly protected by the SCA. Respondent need not produce them, and they can be directly obtained from ULC in the course of the Washington Action. The Court therefore denies Movant's motion to compel compliance with the Document Subpoena.

### 3. Motion to Transfer.

Respondent moves to transfer this matter to the Western District of Washington, where the Washington Action is pending. (Dkt. 1.) The Court has jurisdiction over this dispute, and transfer to the Western District of Washington is inappropriate. Federal Rule of Civil Procedure 45 governs discovery served on nonparties by subpoena. *Cabell v. Zorro Prods. Inc.*, 2018 WL 3023343, at *2 (N.D. Cal. June 18, 2018). "The subpoena must state the place where compliance is required, which must be within 100 miles of where the subpoenaed party resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(a)(1)(A)(iii)." *Pokemon Co. Int'l, Inc. v. Shopify, Inc.*, 2017 WL 697520, at *2 (N.D. Cal. Feb. 22, 2017). Further, "Rule 45 requires that a subpoena be issued by the court where the underlying action is pending, but that challenges

United States District Court
Northern District of California

1  to the subpoena are to be heard by the district court where compliance with the subpoena is

2  required. Fed. R. Civ. P. 45(a)(2), (d)(3)(A)." *Id.* Here, the subpoenas at issue were directed to

3  Respondent, a California entity, and required performance in Mountain View, California, which is

4  located in this district. (Dkts. 1-1, 1-5.) Accordingly, the resulting dispute over enforcement of

5  the subpoena falls squarely within this Court's purview under Rule 45 and cases interpreting it.

6  Transfer to the Western District of Washington would therefore be inappropriate. Movant's

7  argument that this case raises technical matters best addressed by the court overseeing the

8  Washington Action is unavailing. This miscellaneous matter presents a straightforward motion to

9  compel discovery compliance by a third party that has not yet been addressed substantively by the

10  Washington Action court, *see* Dkt. 7 at p. 14.

**C.     Conclusion.**

For the reasons set forth above, the Court DENIES Movant's motion to compel or transfer in its entirety. The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

Dated: April 12, 2021



SALLIE KIM
United States Magistrate Judge